IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| Civil Action Case No.: | : |
| | : |
| XL INSURANCE AMERICA, INC. f/k/a | : |
| WINTERTHUR INTERNATIONAL AMERICA | : |
| INSURANCE COMPANY | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| BINNINGS PAN AMERICAN | : |
| | : |
| Defendant. | : |

## **XL INSURANCE AMERICA, INC.'S COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff XL Insurance America, Inc. f/k/a Winterthur International America Insurance Company ("XL" hereinafter) by and through its attorneys, Sedgwick, Detert, Moran & Arnold, LLP, and for its Complaint against Binnings Pan American ("Binnings" hereinafter") states and alleges as follows:

### **PRELIMINARY ALLEGATIONS, JURISDICTION AND VENUE**

1.  Plaintiff XL is duly authorized to transact the business of insurance in Florida, and is incorporated in Delaware with its principal place of business in Stamford, Connecticut.

2.  Defendant Binnings Pan American, upon information and belief, is a Florida based business entity and is believed to have its principal place of business in Florida.

3.  This Court has jurisdiction over this Complaint based upon 28 U.S.C. § 1332. Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs of suit.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (c) because Binnings is a Florida based entity, and the factual events giving rise to the damage claim underlying this action occurred in Florida.

## NATURE OF THE CASE

5.     This insurance coverage action is for a declaratory judgment, pursuant to 28 U.S.C. § 2201, for the purposes of resolving an actual controversy between the parties by construing the rights and legal obligations arising from certain insurance contracts.

6.     XL seeks a declaration that it has no duty to pay defense costs or indemnify Binnings in connection with a request for insurance coverage relating to a construction defect action pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

7.     All conditions precedent to the bringing of this action has occurred.

## FACTUAL BACKGROUND

8.     XL incorporates the allegations of Paragraphs 1 through 7 herein as if set forth in full.

### The Delray Project

9.     On May 7, 2001, Binnings entered into a Construction Agreement pursuant to which Binnings, as a subcontractor, agreed to provide installation of windows, sliding glass doors, screens, and related work for Olen Development Corporation in connection with the construction of certain property in Delray Beach, Florida referred to as Delray Bay (f/k/a Waterway Village). The apartments constructed are located at 200 Lindell Blvd, Delray Beach, Florida.

10.    On October 9, 2003, Olen Communities, Inc. filed an original complaint relating to construction defects at the Delray apartments. Binnings was not named as a defendant in this suit styled *Olen Communities, Inc. v. Charlan, Brock & Associates, Inc., et al.*, pending before the Fifteenth Judicial Circuit in and for Palm Beach County, Florida under Case No. 502003CA-10918 (AG) (the "Delray Project").

11. On July 18, 2005, Olen Communities filed a Second Amended Complaint naming Binnings as a Defendant and alleging a count for negligence, and a count for violation of Florida Statute § 553.84.

12. A Third Amended Complaint did not bring any new allegations against Binnings. However, the Court granted Olen Communities leave to file a Fourth Amended Complaint.

13. A Fifth Amended Complaint was filed alleging counts of negligence, violation of Florida Statute § 553.84, and breach of expressed warranty against Binnings. *See Fifth Amended Complaint* attached as Exhibit A.

14. The basis of Binnings' alleged liability, as pled in the Fifth Amended Complaint in the Delray Project litigation, is the failure to properly install windows and screens causing water intrusion resulting in property damage.

15. XL was notified of the claims of construction defect at the Delray Project and assumed the defense of Binnings under a full reservation of rights.

16. The underlying litigation is active and XL continues to provide a defense to Binnings.

17. There is no coverage under the XL policy for the Delray Project for defense or indemnity in the underlying suit because the faulty construction alleged is not an occurrence.

18. There is no coverage under the XL policy for the Delray Project for defense or indemnity in the underlying suit because there was no occurrence of property damage within the XL Policy period.

19. There is no coverage under the XL policy for the Delray Project for defense or indemnity in the underlying suit because the insured did not commence its work on the Delray Project or, in the alternative, did not complete its work at the Delray Project until after the XL policy period.

**INSURANCE POLICY**

20. The XL Policy was brokered and issued to the named insured, American Commercial Holdings, Inc., in Pennsylvania, in effect from August 1, 2000 to August 1, 2001, and contains standard form coverage parts approved for use in the State of Pennsylvania and states, in relevant part, as follows:

**SECTION I – COVERAGES**

1. Insuring Agreement

    a. We will pay the sums that the insured becomes legally obligated to pay as damages because of . . . "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for . . . "property damage" to which this insurance does not apply . . .

    b. This insurance applies to . . . "property damage" only if:

        (1) The . . . "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; [and]
        (2) The . . . "property damage" occurs during the policy period.

21. The XL Policy contains the following defined terms:

    13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
    ***

    16. "Products-completed operations hazard":

        a. Includes all . . . "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
    ***
            (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

            (a)   When all of the work called for in your contract has been completed.
            (b)   When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
            (c)   When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

      Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

\*\*\*

21. "Your work" means:

  a. Work or operations performed by you or on your behalf; and

  b. Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

  a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

  b. The providing of or failure to provide warnings or instructions.

22. The XL policy also contains the following Exclusions to coverage:

**Exclusions**

This insurance does not apply to:

\*\*\*

j.  Damage To Property

"Property damage" to:

(5)   That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)   That particular part of any property that must be restored, repaired or replaced because your "work" was incorrectly performed on it.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

\*\*\*

l.  Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

>This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment –Binnings)

23. XL incorporates the allegations of Paragraphs 1 through 22 herein as if set forth in full.

24. An actual controversy exists as to the nature and scope of XL's obligations, if any, under the XL Policy regarding the underlying litigation.

25. The above-quoted terms and provisions of the Policy operate to exclude any potential coverage for damages potentially awardable against Binnings in the underlying claim.

26. Any coverage that might otherwise be available to or for the benefit of Binnings with respect to the underlying claim is precluded and barred as faulty workmanship is not an accident or occurrence as defined by the XL Policy.

27. Any coverage that might otherwise be available to or for the benefit of Binnings with respect to the underlying claim is precluded and barred as there was not an occurrence of property damage within the XL policy period.

28. Any coverage that might otherwise be available to or for the benefit of Binnings with respect to the underlying claim is precluded and barred pursuant to the damage to property exclusion j(5) of the XL Policy because the coverage does not apply to property damage to property being worked upon by Binnings.

29. Any coverage that might otherwise be available to or for the benefit of Binnings with respect to the underlying claim is precluded and barred pursuant to the damage to property exclusion j(6) of the XL Policy because the coverage does not apply to that part of particular property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

30. The foregoing allegations do not constitute all potential grounds upon which XL may be judicially determined to have no liability to any Defendants herein, but rather only those grounds known based upon present knowledge, information and belief. XL respectfully reserves the right to continue its investigation and discovery during the pendency of this action, and to supplement, expand, or modify its coverage defenses as may be warranted in light of information thereby obtained.

## CONCLUSION

31. WHEREFORE, XL respectfully requests that this Court enter judgment in its favor pursuant to the authority set forth in 28 U.S.C. §§ 2201 and 2202 adjudging and determining the rights and obligations of the parties, finding that there is no coverage afforded to or for the benefit of Binnings under the XL Policy for the claims asserted in the underlying litigation, and for a determination that XL has no duty to defend or indemnify Binnings in the underlying claim, as well as such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: July 23rd, 2010

/s/ David J. De Piano
David J. De Piano
Florida Bar No.: 0055699
SEDGWICK, DETERT, MORAN & ARNOLD
2400 E. Commercial Blvd.
Suite 1100
Ft. Lauderdale, FL 33308
Tel.: (954) 958-2500
Fax: (9547) 958-2513

**Of Counsel**

George S. McCall
Texas State Bar No.: 13344800
Sondra S. Rosebrock
Texas State Bar No.: 24033017
SEDGWICK, DETERT, MORAN & ARNOLD
1717 Main Street
Suite 5400
Dallas, TX 75201-7367
Tel.: (469) 227-8200
Fax: (469) 227-8004